## ELLEDGE v. CORNELIUS.
### Civ. No. 3459.

United States District Court
W. D. Oklahoma.
Dec. 16, 1947.

Earl Goad, T. H. Ottesen, Oklahoma City, Okl., for plaintiff.

Grigsby & Eberle, Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

On this the 16th day of December, 1947, a regular court day of the January 1947 term of this Court, the above styled and numbered cause came on for trial before the Court, without a jury, a jury having heretofore been waived by agreement of the parties; and after the introduction of evidence by the parties in support of their respective claims and defenses said cause is submitted, and after a careful consideration of the evidence introduced and all other matters pertinent to this action, the Court now makes its specific findings of fact and conclusions of law.

Findings of Fact.

The Court finds that this suit was commenced by the plaintiff, a citizen of the State of Oklahoma, on the 10th day of December, 1946, by filing his petition in the District Court of Kiowa County, Oklahoma, to recover damages for personal injuries from the defendant, Earl Frances Cornelius, not a citizen of the State of Oklahoma, said injuries being sustained by plaintiff as a result of the negligent acts of the defendant in driving an automobile onto the plaintiff while plaintiff was at work for the Oklahoma State Highway Commission on U. S. Highway No. 66, on the 29th day of December, 1945. That thereafter said action was by the defendant removed to this Court.

The Court finds that at the commencement of this action the plaintiff was in fact a citizen of the State of Oklahoma and that the defendant was in fact not a citizen of the State of Oklahoma, and the suit was properly removable to this Court.

The Court further finds that on the 29th day of December, 1945 the plaintiff was employed by the Oklahoma State Highway Commission and on said date, in accord with his employment, was working on U. S. Highway No. 66 approximately 17 miles west of the City of Clinton, in Washita County, Oklahoma; that on said date, and while the plaintiff was so employed and working in the course of his employment, the defendant negligently drove his automobile onto the plaintiff, knocking plaintiff unconscious and carrying or dragging him down the highway several feet and inflicting upon plaintiff serious bodily injuries; that plaintiff was immediately taken by ambulance to the Tisdal Hospital at Elk City, Oklahoma, where he remained, receiving active treatment for his injuries, for more than six weeks. That the plaintiff from said accident sustained a serious fracture of the right leg and of the right arm and other bodily injuries, from which he is now suffering serious and permanent disabilities.

The Court finds that prior to the 8th day of January, 1946 the plaintiff had filled out his Form Three, Employee's First Notice of Injury and Claim for Compensation, to be filed with the State Industrial Commission of the State of Oklahoma, claiming compensation as provided by the Workmen's Compensation Law of the State of Oklahoma, 85 O.S.1941 § et seq.; that by the provisions of said compensation laws and because of plaintiff's regular wages in his said employment the plaintiff was entitled to receive as compensation while disabled from said injuries the sum of $21.00 per week, not exceeding 500 weeks, and the

payment of all his medical expenses and hospital expenses incurred by him by reason of said injuries; that said plaintiff is now 64 years of age.

The Court further finds that on the 8th day of January, 1946, while said plaintiff was confined to his bed in the Tisdal Hospital because of the injuries sustained by him in said accident, and while plaintiff was under active medical treatment for said injuries, the defendant, by and through his attorney, induced the plaintiff to execute a written instrument denominated "Release of Claim for Personal Injuries," that is to say a general release, releasing the defendant and his insurer, The Western Mutual Fire Insurance Company, from all liability and demands or claims arising out of said accident and injuries. That for said release the plaintiff was paid the sum of $1,000.00.

The Court finds that to induce the execution of said release by the plaintiff the defendant, by and through his attorney and agent, either because of mistake as to the law and legal rights of plaintiff or with intent to defraud, informed and advised the plaintiff that by the execution of said release his rights to proceed before the State Industrial Commission of the State of Oklahoma for compensation as provided by the Workmen's Compensation Laws of the State of Oklahoma would not be prejudiced or impaired, but that such rights and benefits would continue unprejudiced and unimpaired irrespective of the execution of said release; that such information and advice was untrue, but that plaintiff relied upon such representations, believed the same to be true, and therefore executed said release, and had it not been for such false and mistaken representations the plaintiff would not have executed said release.

That soon after the execution of said release by plaintiff, and because of its execution, the State Highway Commission of the State of Oklahoma and the State Insurance Fund of the State of Oklahoma, insurance carrier for said Highway Commission, discontinued the payment of compensation to plaintiff as allowed under said laws and which had theretofore been commenced, and denied further liability to plaintiff under said Workmen's Compensation Laws.

## Conclusions of Law

The Court finds generally upon all issues involved in this action in favor of the plaintiff and against the defendant, and the Court more specifically finds, as a matter of law, because of the circumstances surrounding the inducement of the execution of said release and the impairment of the legal rights of the plaintiff before the State Industrial Commission by reason of the execution of said release, that said release executed by plaintiff on the 8th day of January, 1946, should be in all effects cancelled and adjudged void to the same extent as if the same had never been executed or signed by plaintiff, and the execution thereof shall in no wise or particular impair or bar the legal rights of the plaintiff under the Workmen's Compensation Law of the State of Oklahoma, and he may hereafter proceed with his claim for compensation without prejudice because of the execution of said release, as if the same had never been executed.

The Court further finds as a matter of law that the defendant, Earl Frances Cornelius, was on December 29th, 1945, guilty of negligence in driving his said automobile onto the plaintiff thereby inflicting upon plaintiff serious and permanent bodily injuries, and therefore said defendant is liable to plaintiff in damages for said injuries and damage thus caused the plaintiff.

The Court further finds that because of the injuries sustained by the plaintiff, Sam Elledge, on the 29th day of December, 1945, by reason of the negligent acts of the defendant, Earl Frances Cornelius, the said plaintiff is entitled to recover in damages from the defendant. Earl Frances Cornelius, the sum of $6,500.00, and all costs of this action, less the sum of $1,000.00 heretofore paid plaintiff at the time of the execution of said release, and that judgment be entered herein accordingly for the sum of $5,500.00.